UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARIEN MITCHELL, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-610-JD-MGG |
| WILLIAM HYATTE, | |
| Defendant. | |

OPINION AND ORDER

Darien Mitchell, a prisoner without a lawyer, filed a complaint about the conditions of confinement in Miami Correctional Facility's A-Dorm. ECF 1. He was granted leave to proceed in forma pauperis and ordered to pay an initial partial filing fee of $3.99. ECF 2. When that went unpaid, the court ordered him to show cause why this case should not be dismissed for failure to pay the filing fee. ECF 12. Mitchell responded with a copy of his inmate trust fund ledger, showing that, although the prison noted the debt on his ledgers, Mitchell had no money in his account the pay the $3.99. ECF 13. Accordingly, although the filing fee remains due, the court will proceed to screen the complaint. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mitchell's one-paragraph complaint does not contain enough information for the court to determined whether it states an Eighth Amendment claim for unconstitutional conditions of confinement. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, light, clothing, shelter, bedding, hygiene materials, sanitation, and medical care. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mitchell alleges that when he was placed in A-Dorm on October 9, 2019, his cell had no medical button, no lights, no cell windows, no water, and had exposed wires out in the open. However, the complaint is silent as to what effect these conditions had on him or for how long he had to endure these conditions. These conditions on their own

2

do not violate the Eighth Amendment without a showing that they also posed a risk to Mitchell's health or safety or otherwise deprived him one of life's necessities.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Here, there is no plausible basis to conclude the conditions of confinement posed a risk to Mitchell.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mitchell may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Darien Mitchell until **May 23, 2022**, to file an amended complaint; and

(2) CAUTIONS Darien Mitchell if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 18, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT