UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARIEN MITCHELL,

    Plaintiff,

        v.                                    CAUSE NO. 3:21-CV-610-JD-MGG

WILLIAM HYATTE, et al.,

    Defendants.

OPINION AND ORDER

Darien Mitchell, a prisoner without a lawyer, filed a complaint in August 2021 against Warden William Hyatte about the conditions of the cell he was held in for part of October 2019 at Miami Correctional Facility. ECF 1. The court determined that his one-paragraph complaint detailing the conditions did not explain how those conditions affected him or how they denied him one of life's necessities. ECF 14. He was given a chance to amend his complaint, and he has done so. ECF 16. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Mitchell's amended complaint states a claim against Warden Hyatte, but the

statute of limitations prevents him from adding any additional defendants to his lawsuit now.

Mitchell alleges that he was placed in A-Dorm on October 9, 2019, and remained there for two weeks. His cell had no medical button, no lights, no cell window to the outside, a metal steel plate on the cell-door window, no water, exposed live wiring, and human waste in the toilet the whole time. He was denied the hygiene and property he needed to clean himself and his cell. Mitchell alleges that living in these conditions caused panic attacks and the strong smell of urine caused him to faint. In addition, feces would enter his cell when the range was flooded, and this caused a fungus to grow on his foot. He complained to Warden Hyatte about living in feces and without water or light, but nothing was done.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, light, clothing, shelter, bedding, hygiene materials, sanitation, and medical care. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective

prong, the prisoner must show the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). The amended complaint plausibly states an Eighth Amendment claim against Warden Hyatte for housing Mitchell in an unsanitary, unsafe dorm with no working lights.

Mitchell adds two new defendants, Cpt. Murphy and Sgt. Bowman, who he says were also responsible for keeping him in these conditions of confinement. However, Mitchell's complaint alleges he endured these conditions until October 23, 2019. Therefore, the two-year statute of limitations applicable to this case ended on October 23, 2021, seven months before this amended complaint was filed. *See Wilson v. Garcia*, 471 U.S. 261 268-69 (1985); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Mitchell may add additional defendants after that date only if he can satisfy the relation back requirement in Federal Rule of Civil Procedure 15. Rule 15(c)(1)(C) "permit[s] an amendment [to change or add a party] to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). Here, there was no error about the identity of the proper party. Mitchell chose to sue only the warden in his first complaint, and that decision is not a mistake for purposes of relation back. Therefore, Cpt. Murphy and Sgt. Bowman will be dismissed.

In addition, Mitchell filed a duplicate motion to proceed in forma pauperis. ECF 17. He has already been granted leave to proceed in forma pauperis, ECF 11, so this motion will be denied as unnecessary.

For these reasons, the court:

(1) DENIES the motion for leave to proceed in forma pauperis (ECF 17) as moot;

(2) GRANTS Darien Mitchell leave to proceed against Warden William Hyatte in his individual capacity for compensatory and punitive damages for housing Mitchell in a dorm with constitutionally inadequate cell conditions regarding sanitation, safety, and lighting from October 9, 2019, through October 23, 2019, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Murphy and Bowman;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden William Hyatte at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 16);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden William Hyatte to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only

to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 27, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT